IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN SAUERWINE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-2709 |
| | : | |
| GAVIN P. HALIHAN, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                    **JUNE   23, 2020**

Plaintiff Brian Sauerwine, a prisoner incarcerated at SCI-Retreat, brings this civil action pursuant to 42 U.S.C. § 1983 against Gavin P. Halihan, an attorney who represented him in criminal proceedings in Lehigh County.  Sauerwine seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Sauerwine leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.      FACTUAL ALLEGATIONS**

Sauerwine's Complaint is brief.  He alleges that Defendant Halihan coerced him to plead guilty to certain criminal offenses with which he was charged.  (ECF No. 2 at 3.)  Sauerwine asserts that his attorney was constitutionally ineffective and asks to be reimbursed for the amount paid to Halihan for his representation.  (*Id.*)  Sauerwine also asks "to return to the Lehigh County Courthouse, so [he] can confront [his] lawyer in Court."  (*Id.*)  Apparently, he seeks to challenge his plea.  (*Id.*)  Sauerwine claims that he is innocent of the offenses to which he pled guilty.  (*Id.* at 4.)

## II. STANDARD OF REVIEW

Sauerwine is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[1] As Sauerwine is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Sauerwine is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Sauerwine brings constitutional claims against his defense attorney pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *cf. Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)). As there is no basis for concluding that Halihan is a state actor, Sauerwine cannot state a plausible claim against him under § 1983.

---

[1] However, as Sauerwine is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Furthermore, to the extent Sauerwine seeks to challenge his guilty plea, he may not do so in a § 1983 action. That is because "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Public records reflect that Sauerwine has already challenged his convictions in a *habeas* petition, and that his petition was dismissed. *See Sauerwine v. Delbalso*, Civ. A. No. 14-6254 (E.D. Pa.) (ECF Nos. 18 & 29).

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Sauerwine leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Sauerwine will not be given leave to file an amended complaint because he cannot cure the defects in his claims. An appropriate Order follows.

**BY THE COURT:**

**/s/Joel H. Slomsky, J.**
**JOEL H. SLOMSKY, J.**